UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


New York Life Insurance Co.

   v.                                    Civil No. 15-cv-49-JL

David A. Herlicka


## REPORT AND RECOMMENDATION

New York Life Insurance Company ("New York Life") brought suit against David Herlicka, asserting a claim for breach of contract.  When Herlicka failed to appear, default was entered against him.  See doc no. 5.  Before the court for a Report and Recommendation is New York Life's motion for default judgment (doc. no. 6) pursuant to Federal Rule of Civil Procedure 55(b)(2).  For the reasons that follow, the court recommends that New York Life's motion be granted.


## Standard of Review

After default is entered and when the amount at issue is not a sum certain, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2); see also KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003).  "Although a defaulting party admits the factual basis of the claims asserted against it, the defaulting party does not

admit the legal sufficiency of those claims."  10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013).  To recover on a motion for default judgment, "[t]he claimant must state a legally valid claim for relief."  Id.; see also Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002).  Therefore, before entering default judgment, the court must determine whether the admitted facts state actionable claims.  See Hop Hing Produces Inc. v. X & L Supermarket, Inc., No. CV 2012-1401(ARR)(MDG), 2013 WL 1232919, at *2 (E.D.N.Y. Mar. 4, 2013); E. Armata, Inc. v. 27 Farmers Market, Inc., No. 08-5212 (KSH), 2009 WL 2386074, at *2 (D.N.J. July 31, 2009).

## **Background**

By virtue of his default, Herlicka concedes the following facts alleged in the complaint:

Herlicka was an agent of New York Life in its "New Hampshire General Office" for over fifteen years until he terminated his employment on August 2, 2011.  On August 12, 2011, New York Life filed a complaint against Herlicka and others in this court.  See New York Life Insurance Company v. David A. Herlicka et al., No. 1:11-cv-400-SM (August 12, 2011) (hereinafter referred to as "Herlicka I").

The parties settled their dispute in Herlicka I, and

executed a Settlement Agreement and Mutual General Release of Claims effective as of February 10, 2012 (the "Settlement Agreement").  Under the terms of the Settlement Agreement, Herlicka agreed to pay New York Life $1,167,000 (the "Settlement Amount").  As required by the Settlement Agreement, Herlicka executed and delivered to New York Life a Promissory Note in the Settlement Amount.  The Settlement Agreement and Promissory Note required Herlicka to make certain installment payments to New York Life pursuant to a fixed schedule.

As a term and condition of the Settlement Agreement, the parties agreed that, if Herlicka were to default on his obligations under the Settlement Agreement and Promissory Note, New York Life would be entitled to entry of a Judgment in its favor, without trial or adjudication of any issue except as to whether Herlicka was in default.  See Settlement Agreement (doc. no. 1-1) at ¶ 8; see also Consent Judg. (doc. no. 1-3) at ¶ 2. The parties attached as an exhibit to the Settlement Agreement a consent judgment, which provided that New York Life would be awarded a judgment in the amount of $1,167,000 plus interest, less the amount paid by Herlicka under the Promissory Note.  See Consent Judg. (doc. no. 1-3) at ¶ 1.  After execution of the Settlement Agreement, the parties filed a Stipulation of Dismissal in Herlicka I.

3

The parties subsequently executed a "First Allonge To and Amendment of Promissory Note," dated February 11, 2013 (the "First Allonge"), and a "Second Allonge To and Amendment of Promissory Note," dated March 31, 2014 (the "Second Allonge"). The effect of the Second Allonge, the terms of which currently control, was to (i) modify the payment schedule; (ii) provide for 3.5% interest on the Promissory Note; and (c) otherwise ratify, confirm, and reaffirm all terms and conditions of the Settlement Agreement and Promissory Note.

Herlicka made at least one payment under the original terms of the Settlement Agreement.  He also made two payments under the terms of the Second Allonge.  He has failed to pay the remainder owed under the Promissory Note and the Second Allonge. New York Life instituted this action, asserting a breach of contract claim, to recover the remaining balance owed by Herlicka.

### Discussion

New York Life seeks $811,331.63 in damages, which is the outstanding amount owed by Herlicka under the Promissory Note with interest calculated as of May 1, 2015, the date on which New York Life filed its motion for default judgment.  New York

Life also seeks its reasonable attorneys' fees and costs incurred in connection with its collection efforts.

"In order to state a breach of contract claim under New Hampshire law, [a plaintiff] must allege sufficient facts to show (1) that a valid, binding contract existed between the parties, and (2) that [the defendant] breached the terms of the contract." Wilcox Indus. Corp. v. Hansen, 870 F. Supp. 2d 296, 311 (D.N.H. 2012) (internal citations omitted). "'A breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract.'" Lassonde v. Stanton, 157 N.H. 582, 588 (2008) (quoting Poland v. Twomey, 156 N.H. 412, 415 (2007) (alterations omitted)).

By virtue of his default, Herlicka concedes that he and New York Life entered into the Settlement Agreement. As required by the Settlement Agreement, Herlicka executed and delivered to New York Life a Promissory Note in the Settlement Amount. Herlicka concedes that he and New York Life entered into the First Allonge and the Second Allonge, which modified Herlicka's payment schedule but kept intact his obligations under the Settlement Agreement. Herlicka failed to make the payments required under the Second Allonge and has failed to repay the Settlement Amount.

5

The facts alleged in the complaint and conceded by Herlicka demonstrate that Herlicka and New York Life entered into a valid contract and that Herlicka breached the terms of the contract. Accordingly, the court recommends that the district judge grant New York Life's motion for default judgment.

A.    Damages

New York Life included with its motion for default judgment the declaration of its Vice President and Deputy General Counsel, Robert Rosh.  In his declaration, Rosh states that "the balance of principal and interest due and owing by Herlicka under the Note is $811,331.63."  Rosh Decl. (doc. no. 6-2) at ¶ 5.  Rosh includes support for his calculation.

Accordingly, the court recommends that the district judge award New York Life $811,331.63 in damages on its breach of contract claim.

B.    Attorneys' Fees and Costs

The Promissory Note states that Herlicka is liable for "all reasonable out-of-pocket costs of collection hereof, including any reasonable attorneys' fees."  Promissory Note (doc. no. 1-2) at 2.   New York Life seeks $3260.15 in attorneys' fees and costs.

An award of reasonable attorneys' fees is typically calculated by the lodestar method in which the court multiplies

the hours productively spent by a reasonable hourly rate.
Spooner v. EEN, Inc., 644 F.3d 62, 67-68 (1st Cir. 2011).
"'Reasonable hourly rates will vary depending on the nature of
the work, the locality in which it is performed, the
qualifications of the lawyers, and other criteria.'" Hutchison
ex rel. Julien v. Patrick, 636 F.3d 1, 16 (1st Cir. 2011).
(quoting United States v. One Star Class Sloop Sailboat, 546
F.3d 26, 38 (1st Cir. 2008)).  The determination of what
constitutes a "reasonable" fee is left to the court's
discretion.  Lund v. Affleck, 587 F.2d 75, 78 (1st Cir. 1978).

New York Life states that it is entitled to $2,792 in
attorneys' fees.  In support, it submits the declaration of its
attorney, Michele Kenney, a partner with the firm Pierce Atwood
LLP.  An exhibit to Kenney's declaration is a "Client Detailed
Time and Expense Report" (the "Time Report"), which "includes
the complete text of all time entries that were billed to New
York Life in connection with this action."  Kenney Decl. (doc.
no. 6-3) at ¶ 6.

The Time Report shows that Kenney spent 10.2 hours on the
case, which includes time spent drafting the complaint and the
motion for default judgment, along with various other legal
tasks.  The Time Report also shows that another individual,
Kelly Dallaire, presumably a non-attorney, spent 1 hour

assisting with the preparation of the filings.  Although not explicitly stated in Kenney's declaration or the Time Report, Kenney's hourly rate appears to be $260 per hour, and Dallaire's appears to be $140 per hour.

In this case, Kenney's affidavit supports the hourly rates contained in the Time Report, and the report shows time productively spent on the case.  The Time Report also shows that the costs of the action for which New York Life seeks an award were reasonably incurred.

Accordingly, the court recommends that the district judge award New York Life $2,792 in attorneys' fees and $468.15 in costs.

## Conclusion

For the foregoing reasons, the court recommends that the district judge: (1) grant default judgment to New York Life; and (2) award New York Life $811,331.63 in damages, $2,792 in attorneys' fees, and $468.15 in costs.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 28, 2015

cc:  David A. Herlicka, pro se
     Michele E. Kenney, Esq.